## 48181. LETBEDDER v. THE STATE.

EBERHARDT, Presiding Judge. On May 16, 1972 John Letbedder was indicted under Code Ann. § 26-1902 on the charge of armed robbery, alleging that the offense had been committed in Chatham County April 17, 1972. The indictment was returned

during the March, 1972 term of Chatham Superior Court. On June 15, 1972, during the June term of the court, a demand for trial was filed by the defendant. He was not tried during the June term, or during the succeeding September term. However, his case was called for trial during the December term, on February 23, 1973, and he filed a plea of autrefois acquit. The plea was overruled and he appeals. There is a certificate of appealability from the trial court. *Held:*

1. The statute under which the defendant stands indicted provides: "A person convicted of armed robbery shall be punished by death or imprisonment for life, or by imprisonment for not less than one nor more than twenty years." Code Ann. § 26-1902.

The statute providing for the filing of a demand for trial by one who stands indicted for a capital offense provides, inter alia: "Any person accused of a capital offense may enter a demand for trial *at the term at which the indictment is found, or at the next succeeding regular term thereafter;* or by special permission of the court he may at any subsequent term thereafter demand a trial." Code Ann. § 27-1901.1 (Ga. L. 1952, pp. 299, 300). And it is provided that: "If *more than two regular terms* of court are convened and adjourned *after the term at which the demand is filed* and the defendant is not given a trial, then he shall be absolutely discharged and acquitted of the offense charged in the indictment: Provided, that at both terms there were juries impaneled and qualified to try the defendant: and Provided, further, the defendant was present in court announcing ready for trial and requesting a trial on said indictment." Code Ann. § 27-1901.2 (Ga. L. 1952, pp. 299, 300). (Emphasis supplied.)

It will be seen that when the indictment was returned the defendant was charged with a capital offense, i.e., one for which, upon conviction, he might be sentenced to death, and that the law relative to his right to file a demand for trial is provided in the Act of 1952. His case was called for trial during the second term of court following that at which the demand was filed, and under Code Ann. § 27-1901.2, the trial would have been timely. He would have been tried but for his action in filing a plea of autrefois acquit, and appealing the denial of the plea.[1]

---

[1] Any affirmative action of the defendant which results in a continuance of the case, or a failure to try it within the time fixed by the statute after the filing of a demand, has the effect of tolling the time. *Walker v. State,* 89 Ga. 482 (15 SE 553); *Dennis v. Grimes,* 216 Ga. 671 (3) (118 SE2d 923).

2. Defendant contends that the ruling of the Supreme Court of the United States in Furman v. Georgia, 408 U. S. 238 (92 SC 2726, 33 LE2d 346), striking down punishment by death of persons convicted of certain capital offenses, had the effect of abolishing capital offenses, and that his demand must be dealt with under Code § 27-1901, which provides: "Any person against whom a true bill of indictment is found for an offense not affecting his life may demand at either the term when the indictment is found, or at the next succeeding regular term thereafter, a trial; or, by special permission of the court, he may at any subsequent term thereafter demand a trial. In either case the demand for trial shall be placed upon the minutes of the court. If such person shall not be tried *when the demand is made, or at the next succeeding regular term* thereafter, provided at both terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment." (Emphasis supplied.)

If his demand were considered under this provision of the law it will be seen that he would be entitled to a judgment of acquittal, if statutory conditions were met, for the term at which it was filed and the next succeeding term have passed and he was not, during either of them, afforded a trial.

But we do not agree. While it is true that "capital punishment" is punishment by death, and a "capital offense" is one for which the punishment *may* be death, we do not think that the holding in Furman v. Georgia, supra, requires treatment of the demand under Code § 27-1901, rather than under §§ 27-1901.1 and 27-1901.2. Capital punishment was not proscribed in all capital offenses by the ruling in Furman.

It is to be observed that the Constitution of this State, in Art. VI, Sec. II, Par. IV (Code Ann. § 2-3704) prescribing the jurisdiction of the Supreme Court includes "all cases of conviction of a capital felony." Under this provision convictions of armed robbery under Code Ann. § 26-1902 have been appealed to the Supreme Court, and if perchance appealed to this court have been transferred to the Supreme Court. This has continued since the decision in Furman v. Georgia, 408 U. S. 238, supra, on June 29, 1972, as will be observed in *Gates v. State,* 229 Ga. 796 (194 SE2d 412); *Minter v. State,* 229 Ga. 804 (194 SE2d 462); *Gray v. State,* 229 Ga. 808 (194 SE2d 479); *Hunt v. State,* 229 Ga. 869 (195 SE2d 31);

*Daniels v. State,* 230 Ga. 126 (195 SE2d 900); *Foster v. State,* 230 Ga. 186 (195 SE2d 902). "It is not only the right but the duty of a reviewing or appellate court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Welborne v. State,* 114 Ga. 793, 796 (40 SE 857); *Davis v. State,* 191 Ga. 558 (1) (13 SE2d 351).

We must assume that in all cases appealed since the judgment in Furman v. Georgia, supra, involving conviction of crimes which prior thereto had been defined by our statutes as capital offenses, or in which a punishment of death might have been imposed, including that of armed robbery, the Supreme Court of this state has determined that those crimes are within the category of "a capital felony," and thus that under the Constitution it has jurisdiction of the appeals, else it would not have proceeded to decide them. The Code section defining the crime has in no wise been changed. It is only the punishment to be imposed that may have been affected by the decision in Furman v. Georgia, supra. And the same is true of other offenses for which the death sentence might have been imposed under our statutes, such as rape, murder, etc. Jurisdiction over appeals from convictions of these crimes was given the Supreme Court by the constitutional provision because of their grave nature, seriousness and importance. None of that has been changed. If the contentions of appellant were upheld, then logically the Supreme Court would lose its jurisdiction over these appeals. The General Assembly has, however, reinstated the death penalty for certain offenses including armed robbery. Ga. L. 1973, pp. 159, 164.

It was for the same reason of gravity in nature, seriousness and importance that a difference was made in the provision for the filing of a demand in these cases and that in others. None of that has changed here either, and we are of the opinion that the provisions of Code Ann. §§ 27-1901.1 and 27-1901.2 still apply to the same crimes to which they were applicable prior to the decision in Furman v. Georgia, supra.

The call of defendant's case for trial was timely and he is not entitled to a discharge or to an acquittal on account of the demand.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

SUBMITTED MAY 3, 1973 — DECIDED MAY 9, 1973 — REHEARING

DENIED JUNE 14, 1973 —

*Joseph B. Bergen,* for appellant.