## 52067. THE STATE v. ROWE.

BELL, Chief Judge.

During the June term of Chatham Superior Court two indictments were returned against defendant. The first charged a count of kidnapping and the other charged one count of armed robbery and one count of robbery by intimidation. Defendant made a demand for trial during the same term. He was not tried during the June term nor during the following September term. The two robbery counts were based on the same factual situation. As two terms of court had passed without trial, the trial court discharged and acquitted the defendant of kidnapping and robbery by intimidation, and sustained defendant's plea of autrefois acquit to the armed robbery count. The state has appealed enumerating as error only that part of the trial court's order which sustained the plea of autrefois acquit. *Held:*

1. The state may appeal in a criminal case in the following instance: "(c) From an order, decision or

judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy." Code Ann. § 6-1001a. The plea of autrefois acquit was a plea in bar of trial and the defendant has not been placed in jeopardy for the armed robbery. The motion to dismiss the appeal is denied.

2. This case is controlled adversely to the state by our decision in *Adams v. State,* 129 Ga. App. 839 (201 SE2d 649). There the defendant was indicted for attempted burglary at one term of court and at a subsequent term for burglary on the same facts. A demand for trial under Code § 27-1901 on the lesser offense of attempted burglary was made and two terms of court passed without trial. A motion for an acquittal and discharge on the attempted burglary was denied. A trial jury then returned a verdict of acquittal as to the attempt but convicted the defendant of the burglary. We held that on motion defendant was entitled to an acquittal because of the failure to hold a trial within two terms of court and that the acquittal of the attempt, a lesser offense, barred the conviction of burglary on the same facts. While the facts are slightly different in this case, the difference is unimportant as the rationale of *Adams* applies equally here. The crime of robbery by intimidation is a lesser included offense of armed robbery. Code § 26-1902. Defendant was entitled to an acquittal of this lesser offense for the failure of the state to bring the case to trial within two terms. This acquittal of the lesser crime bars conviction on the greater. The plea of autrefois acquit was correctly sustained.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

Argued April 6, 1976 — Decided May 17, 1976 — Rehearing denied June 11, 1976 —

*Andrew J. Ryan, Jr., District Attorney, Lionel E. Drew, Jr., Assistant District Attorney,* for appellant.
*Lewis & Javetz, Harvey Weitz,* for appellee.