60588, 60806. HUDSON v. THE STATE (two cases).

SOGNIER, Judge.

Hudson was convicted in the Superior Court of Chatham County of rape. Appellant filed two separate appeals because the transcript was not complete at the time his first appeal was filed; therefore, we will consider all errors in this opinion.

1. Appellant filed a special plea in bar for lack of a speedy trial; this motion was denied on September 25, 1979. Appellant subsequently filed a renewal of this special plea in bar and asked for a jury trial on the plea. The trial court denied this request. Appellant contends the trial court erred in denying the demand for a jury trial of the issues raised by the renewal of the special plea in bar.

In *State v. Tuzman,* 145 Ga. App. 481 (243 SE2d 675) (1978) we held that a pre-trial hearing on a plea in bar was an appropriate procedure for handling the plea. In that case the state contended that whether an offense fell within the statutory period of limitations was a jury question. After agreeing that it would be proper to submit the limitation issue to the jury, we stated: "But it was likewise proper for the trial court, in its sound discretion, to follow the alternative procedure of taking evidence to dispose of the plea. Our appellate courts have repeatedly affirmed that a trial court is vested with

latitude to handle within its sound discretion pre-trial matters [cits.] as well as the conduct of the trial in general. "The conduct of the trial of any case is necessarily controlled by the trial judge, who is vested with a wide discretion and in the exercise of which an appellate court should never interfere unless it is made to appear that wrong or oppression has resulted from its abuse.' [cits.] . . . This pre-trial procedure was fair to all parties, and though it is not statutorily *prescribed,* neither is it statutorily *proscribed."* Id., at 483 (2). Applying these standards to the instant case, we find the trial court did not abuse its discretion.

2. Appellant contends the trial court erred by denying his motion for an appeal bond because the court failed to adequately consider the standards set forth in *Birge v. State,* 238 Ga. 88 (230 SE2d 895) (1976). However, this issue is moot because we affirm the conviction. *Lawson v. State,* 242 Ga. 744, 746 (2) (251 SE2d 304) (1978).

3. Appellant contends the trial court erred by denying his motion in arrest of judgment, because the court coerced a juror into voting guilty in open court.

After a verdict of guilty was announced, the jurors were polled individually to determine if they had voted guilty in the jury room, and if that was their verdict now. In response to the question "[w]as this your verdict then?" one juror replied "[d]oubtful." She was then asked, "[i]s it your verdict now?" The juror replied "[y]es." The court intervened at this point and in response to the first question recited above, the juror again said "[d]oubtful." However, she immediately stated that she had voted "[g]uilty" (in the jury room). In an effort to clarify the confusion about the juror's responses, the court then asked several questions of the juror. She responded that after discussing the evidence in the jury room, the jury came to the conclusion that appellant was guilty beyond a reasonable doubt, and she voted guilty; further, that this was her verdict now. In an overabundance of caution, the trial court sent the jury back to the deliberation room to be sure that the juror's verdict was guilty when it was signed in the jury room, and that "it is or is not your verdict now." The jury then retired and after returning to open court, the juror was again asked if this (guilty) was her verdict then and if it was her verdict now. She responded "yes" to both questions.

The trial court sought only to clarify the confusion surrounding the responses of the juror; the court would have been remiss in its duty had it not done so. It is obvious that the juror was doubtful when the jury first retired to conduct its deliberations, but after discussing the evidence, she resolved those doubts and voted guilty. We find absolutely no evidence that the trial court coerced or influenced the

juror in any way, or made any attempt to do so. The procedure followed by the trial court to resolve any misunderstanding as to the verdict was correct. *Groves v. State,* 162 Ga. 161 (3), 166 (132 SE 769) (1926). Accord, *Kersey v. State,* 207 Ga. 326, 327 (1) (61 SE2d 493) (1950). As to the juror's affidavit impeaching her own verdict, a juror may not impeach a verdict by a post trial affidavit. Code Ann. § 110-109; *Gainer v. State,* 142 Ga. App. 871, 872 (3) (237 SE2d 235) (1977). Accordingly, this enumeration is without merit.

4. Appellant's contention that his case should have been discharged pursuant to the provisions of Code Ann. § 27-1901 (demand for trial) is not well taken. Appellant was tried for rape, which is a capital offense. Code Ann. § 26-2001. Code Ann. § 27-1901.1 and § 27-1901.2 concern demands for trial where the offense is a capital one. "If the defendant is charged with a capital offense he must be brought to trial during the term of court in which the demand is made or within the next two regular terms." *Orvis v. State,* 237 Ga. 6 (226 SE2d 570) (1976). Since appellant's trial was in the second term following the term in which he demanded trial, the trial court did not err in denying his motion for discharge and acquittal. Id., at p. 7.

5. The remaining enumerations of error are without merit.
*Judgments affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 9, 1981 —

*Guerry R. Thornton, Jr.,* for appellant.
*Andrew J. Ryan, III, District Attorney, William A. Dowell, Assistant District Attorney,* for appellee.