## 61732. IVORY v. THE STATE.

POPE, Judge.

Appellant Ivory was indicted for the offense of armed robbery under the Habitual Offender Act, convicted by jury trial and sentenced to twenty years in the penitentiary, fifteen years to be served and the balance on probation. He appeals his conviction and sentence.

1. Appellant contends that it was reversible error to deny his motion to suppress evidence acquired from a search of his automobile pursuant to a warrant based upon information obtained from an informer, when the affiant failed to state the circumstances showing the informant's reliability. A review of the affidavit, which was incorporated as a part of the motion to suppress, discloses that it is extremely detailed and entirely sufficient to establish probable cause. The affidavit, which was executed on June 8, 1980 by Corporal Charles Holt, an investigator for the Houston County Sheriff's Office, declared as follows:

"On Friday, June 6, 1980 at about 10:55 pm., an armed robbery occurred at the Holiday Food Store, located at the intersection of North Houston Road and Greenbriar Road, Warner Robins, Georgia. A black male suspect entered the Food Store and demanded the cashier, Joyce Johns, . . . put the money from the store cash register into a paper bag. Ms. Johns told your affiant the black male was about 5' 8" tall, medium build, wearing a red shirt, blue pants and tennis shoes. Ms. Johns also told your affiant she observed the black male had in his hand a small chrome-plated pistol and was wearing over his head a plastic bag with holes cut out for his eyes and mouth. Ms. Johns told your affiant she observed the black male leave the store and told two men in the parking lot to follow the man, get a description of the car and the tag number. Ms. Johns told your affiant the men described the car as being a tan/brown Pontiac Grand Prix. She said she gave this information to Warner Robins Police Officer Tim McGhee and Gayland Knoles who broadcast the description to other police officers.

"Your affiant interviewed one of these men on Saturday, June 7, 1980. This man, Kent A. Opdahl, told your affiant that he, while driving his motorcycle, chased the suspect and followed the car down Greenbriar. He described the vehicle he saw to your affiant as being a tan/brown Grand Prix with a Georgia tag.

"At about 11:08 pm., on Friday, June 6, 1980 Officer Gary Frost, Warner Robins Police Department, stopped a tan/brown 1974 Pontiac Grand Prix, Georgia tag # SNM 697, VIN # 2K57T4A146204, occupied by Leroy Ivory, [a] black male. The vehicle was stopped by

Officer Frost because it fit the general description of the suspect vehicle in the afore-described robbery. Captain Billy Rape and Corporal Clyde Bone assisted Officer Frost after the vehicle was pulled over. Captain Rape and Corporal Bone observed Ivory was wearing a red shirt, blue pants and tennis shoes and is about 5′ 8″ tall and weighs about 150 pounds. The vehicle was pulled over on Watson Blvd. at [the] intersection with 6th Street, Warner Robins, Houston County, Georgia. Captain Rape and Corporal Bone located in the floorboard of the vehicle in plain view a plastic bag with holes cut out of it fitting the general description of the bag used in the robbery by the suspect afore-described. Independent investigation by your affiant and personal knowledge of Captain Rape and your affiant reveals that Ivory has been arrested previously for the offense of robbery and has been convicted once for the same charge.

"On Sunday, June 8, 1980 at about 2:40 pm., your affiant received a telephone call from Herbert Neal who is a trustee [sic] inmate at the Houston County Jail. Mr. Neal told your affiant [that] Leroy Ivory ... asked him to remove a gun from the tan/brown Grand Prix previously described. Mr. Neal told your affiant that Ivory said, 'Man, do me a favor and do you a favor and I'll give you $50.00-$60.00 and all the reefer you want. Look under the tag of the car and there is a knife to open the trunk, open the trunk — the gun is under a tool box.'

"The afore-described Pontiac Grand Prix was impounded by Captain Rape and towed to the Houston County Sheriff's Office, Warner Robins, Georgia on Friday, June 6, 1980 and has been in custody since that time." A search of the impounded automobile disclosed the knife, pistol and a paper bag with $127 in loose bills in it.

A warrantless search of an automobile in connection with a valid arrest is authorized under Code Ann. § 27-301 and could have been upheld under the circumstances here. Accord, *Thompson v. State,* 155 Ga. App. 101 (3) (270 SE2d 313) (1980); *Askew v. State,* 145 Ga. App. 164 (1) (243 SE2d 334) (1978). However, these officers went further and obtained a search warrant. Not only was there ample evidence to support the finding of the justice of the peace that there was probable cause to issue the warrant, the warrant was not insufficient for any other reason assigned. Neal, the jail trusty, established a substantial basis for credibility. He volunteered information to the police like a good citizen, then testified at trial and was cross-examined by the defense. Thus, it cannot be said that he was an unidentified, paid, confidential, criminal informant whose previous reliability required averment in the affidavit or even that his conversation with appellant was truly hearsay. See *Bishop v. State,*

155 Ga. App. 611 (1) (271 SE2d 743) (1980); *Smith v. State,* 136 Ga. App. 17 (220 SE2d 11) (1975). In any event, the plastic bag used as a mask during the robbery was in the car in plain view at the time of the arrest, and the items in the trunk would have been found as soon as the valid inventory search (which appellant does not challenge) had been conducted after the automobile had been impounded. Compare *Martasin v. State,* 155 Ga. App. 396 (271 SE2d 2) (1980). This enumeration is without merit.

2. Appellant insists that it was erroneous for him to be indicted and sentenced under the recidivist statute (Code Ann. § 27-2511) because he was convicted of armed robbery, which is still considered a capital felony for some purposes (e.g., aggravating circumstances and term limitations for trials in speedy trial demands.) As a general rule a capital felony is defined as a felony for which the death penalty may be imposed. See *Young v. Ricketts,* 242 Ga. 559 (3) (250 SE2d 404) (1978). However, in *Garmon v. Johnson,* 243 Ga. 855 (257 SE2d 276) (1979), the Supreme Court reasoned that because the death penalty could no longer be imposed for convictions of armed robbery ( *Collins v. State,* 239 Ga. 400 (2) (236 SE2d 759) (1977)), a person accused of that offense may waive indictment by a grand jury and plead guilty to an accusation so charging him as though he had not been charged with a capital felony within the meaning of Code Ann. § 27-404. Armed robbery is also no longer considered a capital felony for purposes of appellate jurisdiction. Following this logic and authority, this court has held that if death is not a possible sentence, insofar as punishment is concerned, the offense cannot be capital, and a defendant charged with armed robbery may be indicted as a recidivist under Code Ann. § 27-2511. *Davis v. State,* 159 Ga. App. 356 (4b) (283 SE2d 286) (1981).

In the instant case the appellant, although indicted pursuant to the recidivist statute, was charged as only a second offender and was not "sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted." Having shown no harm to himself through application of the statute, if indeed it was followed in imposing sentence here, appellant has presented no issue of reversible error.

3. Appellant's final enumeration attacking the constitutionality of Code Ann. § 27-2511 has also been decided adversely to his contentions. See *Knight v. State,* 243 Ga. 770 (1) (257 SE2d 182) (1979). Compare *Paras v. State,* 247 Ga. 75 (1) (274 SE2d 451) (1981). Moreover, he is without standing to contest the statute until such time as he claims a right of parole and it is asserted against him as a bar. *Green v. State,* 244 Ga. 755 (262 SE2d 68) (1979); *Davis v. State,* supra at 4(c).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED OCTOBER 28, 1981 —

*Harry J. Fox, Jr.,* for appellant.
*Stephen Pace, Jr., District Attorney, Tony H. Hight, J. Robert Sparks,* for appellee.