45395. CLEARY v. THE STATE.
45396. SIDWELL v. THE STATE.
(366 SE2d 282)

CLARKE, Presiding Justice.

In these companion cases which contain identical issues we are called upon to construe OCGA §§ 17-7-170; 17-7-171, which concern the demand for trial by a criminal defendant. Cleary and Sidwell were indicted in multi-count indictments charging them with identical crimes arising from an alleged escape from the Houston County jail. Both Cleary and Sidwell made demands for trial which were entered on the minutes of the superior court on July 8, 1987. The July term of court and the September term of court passed without trial. In November, both Cleary and Sidwell filed motions for discharge and acquittal and pleas of autrefois acquit. The motions and pleas were denied by the trial court, and the defendants bring interlocutory appeals which raise the same issues.

The indictment returned by the Houston County grand jury in May 1986, contained both capital and non-capital felonies, as well as misdemeanors. Defendants were charged with malice murder, felony murder, two counts of aggravated assault, kidnapping, armed robbery, three counts of theft by taking, escape, false imprisonment, aiding es-

cape, mutiny, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. OCGA § 17-7-170 requires that after a defendant accused of a noncapital offense makes a proper demand for trial, he must be tried within the term of the demand or by the end of the next succeeding term, provided that at both terms there are juries impaneled and qualified to try him. If he is not tried by the end of the term following the demand, ". . . he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." OCGA § 17-7-171 requires that after a defendant accused of a capital offense makes a proper demand for trial, he must be tried within the term of the demand or by the end of the next two terms, providing that at all three terms there are juries impaneled and qualified to try him. If he is not brought to trial within the time required, ". . . he shall be absolutely discharged and acquitted of the offense charged in the indictment. . . ." A capital offense within the terms of these statutes refers to offenses defined by statute as capital offenses, not necessarily offenses for which the state could or actually does seek the death penalty. Cf. *Orvis v. State*, 237 Ga. 6 (226 SE2d 570) (1976); *Hudson v. State*, 157 Ga. App. 71 (276 SE2d 122) (1981).

The record is clear that both defendants filed demands for trial in July and that the July term and September term passed without their being brought to trial. Ordinarily, therefore, they would be automatically discharged and acquitted of the noncapital offenses charged. It is also clear that the time for the capital offenses charged has not run. However, if defendants are acquitted of noncapital offenses which are lesser included offenses of the capital offenses, double jeopardy would prevent the defendants' being tried for those particular capital offenses. *State v. Rowe*, 138 Ga. App. 904 (228 SE2d 3) (1976).

The real question before us is whether OCGA § 17-7-170 mandates the discharge and acquittal of a defendant as to noncapital offenses included in the same indictment with capital offenses covered by OCGA § 17-7-171. We find that it does not mandate this result. In *State v. Rowe*, supra, relied upon by Cleary and Sidwell, defendant was charged with kidnapping in one indictment and with armed robbery and robbery by intimidation in another indictment. Since two terms of court had passed without trial after defendant's demand, the court discharged and acquitted the defendant as to the kidnapping and robbery by intimidation and sustained his plea of autrefois acquit to the armed robbery. The Court of Appeals held that the crime of robbery by intimidation was a lesser included offense of the crime of armed robbery and that the defendant was entitled to acquittal of the lesser offense because of the passage of two terms without trial. The court further held that the acquittal of the lesser crime barred the

conviction on the greater and that the plea of autrefois acquit was correctly sustained.

The decision in *State v. Rowe* was predicated on the earlier case of *Adams v. State*, 129 Ga. App. 839 (201 SE2d 649) (1973), which involved a second indictment after the case mistried. The Court of Appeals found that failure to retry the defendant after the mistrial within the allowed time under the demand caused automatic discharge and acquittal pursuant to the statute. The acquittal of a lesser included offense in turn barred the second indictment on the greater offense, and the defendant was entitled to have her plea of autrefois acquit sustained.

We hold that where a multi-count indictment includes both capital and noncapital offenses, the time for trial upon a proper demand by a defendant is the time allowed under OCGA § 17-7-171 for the more serious offenses. To hold otherwise would have the effect of invalidating the three-term provision of OCGA § 17-7-171 when an indictment includes both capital felonies and non-capital offenses which are lesser included offenses. To the extent that *State v. Rowe*, supra, is in conflict with this holding, it is overruled.

*Judgment affirmed in case nos. 45395 and 45396. All the Justices concur.*

DECIDED APRIL 7, 1988 —
RECONSIDERATION DENIED APRIL 27, 1988.

*Garnett & Hobson, James F. Garnett,* for appellant (case no. 45395).

*Harry J. Fox, Jr.,* for appellant (case no. 45396).

*G. Theron Finlayson, District Attorney, Shelley S. Howard, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.