## 77221. BROWN v. THE STATE.
(373 SE2d 293)

DEEN, Presiding Judge.

The appellant, James Brown, was indicted for three counts of aggravated sodomy, three counts of sodomy, and five counts of sexual assault against persons in custody (SAAPIC), involving four different victims. Brown was found guilty of three counts of SAAPIC and one count of sodomy. The trial court directed a verdict of acquittal on one count of sodomy, because the evidence showed that the act occurred on a date different from that alleged in the indictment, under which the date was a material averment; the jury found Brown not guilty on the remainder of the charges. The trial court denied Brown's motion for new trial, but found that the sodomy conviction merged with one of the convictions for SAAPIC, and modified the sentence accordingly. This appeal followed, in which Brown contends that his acquittal on an aggravated sodomy charge and a sodomy charge barred convictions for two of the SAAPIC charges because the former constituted lesser included offenses of the latter. *Held*:

1. Count 4 of the indictment charged Brown with having committed sodomy on August 11, 1986, by placing his mouth on the penis of a youth, and Count 6 charged Brown with committing SAAPIC by placing his mouth on the penis of the same youth who was a detainee at the DeKalb County Youth Detention Center (YDC). It is undisputed that both counts concern the same incident, and the state acknowledges that the sodomy charge, even though it would carry the greater punishment, could conceivably be the lesser included offense of the SAAPIC charge as a matter of fact. See *Green v. State*, 170 Ga. App. 594 (317 SE2d 609) (1984). Brown contends that the sodomy charge was such a lesser included offense of the SAAPIC charge and that his acquittal of the sodomy charge operated to bar his conviction for the SAAPIC charge in Count 6, relying upon *State v. Rowe*, 138 Ga. App. 904 (228 SE2d 3) (1976).

However, as emphasized by the State, the trial court directed a verdict of acquittal on the sodomy charge only because the date of the offense was made a material averment in the indictment, and the evidence showed that the act occurred one day before that charged. In this circumstance, double jeopardy considerations do not bar the SAAPIC conviction. OCGA § 16-1-7 prohibits multiple convictions, not prosecutions, where one crime is included in the other, but there were no multiple convictions in this instance. OCGA § 16-1-8 (a) (1) bars successive prosecutions where a former prosecution for the same crime based upon the same material facts resulted in an acquittal, but there was no successive prosecution here. *State v. Rowe*, supra, is inapposite because it addressed the concern of successive prosecutions.

2. Brown's contention that his acquittal on the aggravated sod-

omy charge in Count 9 of the indictment barred his conviction for SAAPIC under Count 7 is also without merit. Count 7 charged Brown with the offense of SAAPIC in that between January 1 and December 31, 1983, Brown placed his mouth on the penis of a detainee at the DeKalb YDC. Count 9 charged Brown with aggravated sodomy in that between June 1 and December 31, 1983, Brown placed his mouth on the penis of the same youth forcibly and against the will of the youth. The dates alleged for the two charges were different, and the victim recounted two separate incidents when Brown performed oral sex on him. In short, the charges did not involve the same conduct, and no substantive or procedural aspects of double jeopardy were violated. OCGA §§ 16-1-7; 16-1-8.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 21, 1988.

*Glenn Zell*, for appellant.

*Robert E. Wilson*, District Attorney, *J. Thomas Morgan*, *Barbara B. Conroy*, Assistant District Attorneys, for appellee.