## A91A2181. WHITE v. THE STATE.
### (414 SE2d 296)

McMurray, Presiding Judge.

Defendant was indicted during the January term of the Superior Court of DeKalb County on four counts of armed robbery.[1] During the next term of court (March term), defendant filed a demand for speedy trial pursuant to OCGA § 17-7-170. (The demand for trial was filed on April 30, 1991.) The March term of court and the May term of court passed without trial. On August 9, 1991, defendant filed a motion for discharge and acquittal. The motion was denied and defendant filed a notice of appeal on August 16, 1991. *Held:*

"OCGA § 17-7-170 requires that after a defendant accused of a noncapital offense makes a proper demand for trial, he must be tried within the term of the demand or by the end of the next succeeding term, provided that at both terms there are juries impaneled and qualified to try him. If he is not tried by the end of the term following

---

[1] The terms of court for the superior court of DeKalb County are as follows: "First Monday in January, March, May, July, September, and November." OCGA § 15-6-3 (37).

the demand, '. . . he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation.' OCGA § 17-7-171 requires that after a defendant accused of a capital offense makes a proper demand for trial, he must be tried within the term of the demand or by the end of the next two terms, providing that at all three terms there are juries impaneled and qualified to try him. If he is not brought to trial within the time required, '. . . he shall be absolutely discharged and acquitted of the offense charged in the indictment. . . .' " *Cleary v. State*, 258 Ga. 203, 204 (366 SE2d 677).

In the case sub judice, defendant argues that the State was required to bring him to trial by the end of the term following his demand for trial because he was indicted for noncapital offenses. More specifically, defendant argues that armed robbery is not a capital offense because death may no longer be imposed as a punishment for armed robbery. This contention is without merit.

"A capital offense within the terms of [OCGA §§ 17-7-170 and 17-7-171] refers to offenses defined by statute as capital offenses, not necessarily offenses for which the state could or actually does seek the death penalty. Cf. *Orvis v. State*, 237 Ga. 6 (226 SE2d 570) (1976); *Hudson v. State*, 157 Ga. App. 71 (276 SE2d 122) (1981)." *Cleary v. State*, 258 Ga. 203, 204, supra. OCGA § 16-8-41 (b) provides, in pertinent part, that "[a] person convicted of the offense of armed robbery shall be punished by death. . . ." Notwithstanding that the death penalty can no longer be imposed, this punishment statute places the offense of armed robbery within the definition of a capital offense and the State was not required to try defendant on the armed robbery charges by the end of the next term after defendant's demand for trial. Accordingly, the trial court did not err in denying defendant's motion for discharge and acquittal pursuant to OCGA § 17-7-170.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 3, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 —

*Brownlow & Schaefer, Ira B. Brownlow, Jr.*, for appellant.
*Robert E. Wilson, District Attorney, Gregroy J. Giornelli, Assistant District Attorney*, for appellee.