## A91A1774. HARPER v. THE STATE.
(417 SE2d 435)

JOHNSON, Judge.
The appellant was charged in a single indictment with armed robbery and several other offenses. At the time of his arraignment he

filed a demand for trial "within the next succeeding term . . . under OCGA § 17-7-170. . . ." The next succeeding term expired without his being tried, and during the following term he filed a motion for discharge and acquittal. The trial judge denied the motion based on a determination that OCGA § 17-7-171 was applicable to the case rather than OCGA § 17-7-170; and this appeal followed.

Under OCGA § 17-7-170 (b), a person charged by indictment or accusation with "an offense not affecting his life" who thereafter makes a valid demand for trial is entitled to discharge and acquittal if he is not tried within the next succeeding term of court after the demand is filed, "provided at both terms there were juries impaneled and qualified to try him." However, if the defendant is indicted for a "capital offense," then OCGA § 17-7-171 applies rather than OCGA § 17-7-170. Under § 17-7-171, the state is required to try the defendant within the next *two* terms after the demand is made, "provided that at both terms there were juries impaneled and qualified to try [him] and provided, further, that [he] was present in court announcing ready for trial and requesting a trial on the indictment."

Although OCGA § 16-8-41 (b) specifies that armed robbery is punishable by death, the Georgia Supreme Court, applying the rationale of *Coker v. Georgia*, 433 U. S. 584 (97 SC 2861, 53 LE2d 982) (1977), has held that the death penalty may no longer be imposed for this offense. See *Collins v. State*, 239 Ga. 400, 402 (2), 403 (236 SE2d 759) (1977). The appellant contends that armed robbery consequently may no longer be considered a capital offense, with the result that OCGA § 17-7-170 must be applied to this case rather than OCGA § 17-7-171. However, the Supreme Court has further held that "[a] capital offense within the terms of [OCGA § 17-7-171] refers to offenses defined by statute as capital offenses, not necessarily offenses for which the state could or actually does seek the death penalty," *Cleary v. State*, 258 Ga. 203, 204 (366 SE2d 677) (1988); and in reliance on that statement, this court has previously held that armed robbery continues to be a capital offense within the purview of OCGA § 17-7-171. See *White v. State*, 202 Ga. App. 370 (414 SE2d 296) (1991). Accord *Simmons v. State*, 149 Ga. App. 830 (256 SE2d 79) (1979) (decided under former Code Ann. §§ 27-1901.1 and 27-1901.2, the statutory predecessors to OCGA § 17-7-171). See also *Orvis v. State*, 237 Ga. 6 (226 SE2d 570) (1976), approving this court's holding in *Letbedder v. State*, 129 Ga. App. 196 (199 SE2d 270) (1973), that armed robbery did not cease to be a capital offense within the contemplation of former Code Ann. §§ 27-1901.1 and 27-1901.2 during the period in which the death penalty could not be imposed in this state by virtue of the United States Supreme Court's decision in *Furman v. Georgia*, 408 U. S. 238 (92 SC 2726, 33 LE2d 346) (1972).

While it is well settled by the foregoing cases that armed robbery

is still a "capital offense" within the purview of OCGA § 17-7-171, it has been held that armed robbery is no longer a capital offense for certain other purposes. For example, the Georgia Supreme Court held in *Collins v. State*, supra, that armed robbery could no longer be considered a capital felony within the meaning of Art. VI, Sec. II, Par. IV of the Georgia Constitution of 1976, giving it jurisdiction over " 'all cases of conviction of a capital felony.' " Id. 239 Ga. at 402-403. Similarly, this court has held that " 'if death is not a possible sentence, insofar as punishment is concerned, the offense cannot be capital, and a defendant charged with armed robbery may be indicted as a recidivist' " under OCGA § 17-10-7 (b). *Scott v. State*, 172 Ga. App. 725, 728 (5) (324 SE2d 565) (1984), quoting from *Ivory v. State*, 160 Ga. App. 193, 195 (286 SE2d 435) (1981). On the other hand, the Supreme Court has held that, notwithstanding *Collins v. State*, supra, armed robbery continues to be recognized as a capital offense "for the purpose of applying the aggravating circumstance provision of [OCGA § 17-10-30 (b) (2)]." *Peek v. State*, 239 Ga. 422, 432 (238 SE2d 12) (1977).

The appellant contends that to interpret armed robbery as a capital offense for some purposes but not others is so arbitrary, capricious and irrational as to violate due process and equal protection of the law. While we must concede that the decisions on this issue do not seem to be joined by any consistent thread of logic, the fact remains that armed robbery continues to be classified under statutory law as a capital offense, and it is clearly within the province of the legislature to determine that this offense is more serious than other crimes, such as feticide (OCGA § 16-5-80) and aggravated sodomy (OCGA § 16-6-2), for which life imprisonment may be imposed but for which the death sentence has never been statutorily authorized.

"State legislation is constitutional with respect to due process if it bears a rational relation to a proper and constitutionally permitted legislative purpose." *Department of Nat. Resources v. Union Timber Corp.*, 258 Ga. 873, 876 (4) (375 SE2d 856) (1989). Similarly, "[w]hen assessing equal protection challenges, . . . [i]f neither a suspect class nor a fundamental right is affected by the statute, the statute need only bear a rational relationship to some legitimate state purpose." *Ambles v. State*, 259 Ga. 406, 407 (2) (383 SE2d 555) (1989). We conclude that the appellant's constitutional rights to due process and equal protection of the law were not violated by the application of OCGA § 17-7-171 to the present case rather than OCGA § 17-7-170; and we consequently hold that the trial court did not err in denying his motion for discharge and acquittal.

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Carley, P. J., Pope and Andrews, JJ., concur. Beasley and Cooper, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent because the appellant was entitled to discharge and acquittal under OCGA § 17-7-170 in that he was not "accused of a capital offense" and thus subject to OCGA § 17-7-171.

A crime is either a capital offense in this state or it is not. It cannot be both. It is too serious a distinction to apply to a particular crime when a procedural rule is at issue and not apply when sentencing is at issue. Defendants, their counsel, the bench and bar, and the general public must know. The lengthier period for the State to prepare for trial following an accused's demand for trial which is allowed by OCGA § 17-7-171 only applies to capital offenses.

OCGA § 16-8-41 (b) provides that a person convicted of armed robbery "shall be punished by death" or imprisonment. Nevertheless, the Supreme Court of Georgia concluded in 1977, when the statute also authorized the death penalty for armed robbery, that because of intervening decisions of the United States Supreme Court and the Georgia Supreme Court, "the death penalty may not be imposed for these crimes [armed robbery being one] under present Georgia statutes." *Collins v. State*, 239 Ga. 400, 402 (2) (236 SE2d 759) (1977). It held that convictions of armed robbery "under present Georgia statutes are no longer convictions of capital felonies for appellate jurisdictional purposes," which was the specific issue before it.

At that time the Georgia Constitution conferred jurisdiction on that Court "in all cases of conviction of a capital felony." 1976 Ga. Const., Art. VI, Sec. II, Par. IV. The wording was changed in the 1983 Constitution, which now provides for that Court's exclusive jurisdiction in "(a)ll cases in which a sentence of death was imposed or could be imposed." 1983 Ga. Const., Art. VI, Sec. VI, Par. III (8). The State decision referred to is *Gregg v. State*, 233 Ga. 117 (210 SE2d 659) (1974), aff'd 428 U. S. 153 (96 SC 2909, 49 LE2d 859) (1976). The statutes which the Court applied to conclude that the death penalty was not authorized for the armed robberies in that case are, as material here, the same at the current time. See OCGA §§ 17-10-30; 17-10-35; 17-10-36.

In determining whether the crime of armed robbery was "a capital felony," the Court in *Collins* applied the definition first set out in *Caesar v. State*, 127 Ga. 710, 712 (1) (57 SE 66) (1906): "In our view the expression 'capital felony,' when used in our law, is merely descriptive of those felonies to which the death penalty is affixed as a punishment under given circumstances to distinguish such felonies from that class in which under no circumstances would death ever be inflicted as a penalty for the violation of the same." Thus the Court recognized that the judicial construction of the Eighth Amendment in effect emasculated the words "by death" from OCGA § 16-8-41 (b). The penalty, which was "affixed" by the legislature, was judicially

rendered void. The statute, which is an act of the General Assembly, must yield to the constitution, in this case the Federal Constitution, as judicially interpreted.

Thus, the very essence of the meaning of "capital offense," which refers to the maximum penalty imposable under law, was eliminated as a characteristic or consequence of armed robbery. The Supreme Court so stated in *Peek v. State*, 239 Ga. 422, 432 (III (2)) (238 SE2d 12) (1977): "[T]he death penalty can no longer be given for armed robbery. . . ." In *Peek* it did no more than retain the "practice of recognizing armed robbery as a capital offense under the aggravating-circumstance provision of the Code [§ 27-2534.1 (b), now OCGA § 17-10-30 (b)], . . . ." It merely "construe[d] 'capital felony' as that term is used in § 27-2534.1 (b) (2) [now OCGA § 17-10-30 (b) (2)] in a generic sense to include those felonies which were capital crimes in Georgia at the time this section of our death penalty statute was enacted." That time was 1973. See Ga. L. 1973, pp. 159, 172, and *Collins* did not come until 1977. Thus *Peek* only means that when a jury is considering the death penalty in a case in which it is sought, it may consider as a statutory aggravating circumstance the fact that the offense was committed while the offender was engaged in the commission of armed robbery. The words "capital felony" in subsection (b) (2) are only shorthand or "generic" language as the Supreme Court said, for the purpose of that subsection.

If the same definition from *Caesar* as was applied in *Collins* is applied here, where another procedural matter is at issue,[1] it will lead to the same result. Armed robbery is a crime in "that class in which under no circumstances would death ever be inflicted as a penalty for the violation of the same," *Caeser*, supra at 712, under present Georgia statutes and constitutional law. It is that portion of *Caeser* which was emphasized by the Supreme Court, which did not regard the "affixed" language of *Caeser* even worthy of mention. Of course, at the time of the decision in *Caeser*, the legislatively-provided death penalty was legal.

*Cleary v. State*, 258 Ga. 203 (366 SE2d 677) (1988), does not require a different result. Defendants were charged with both capital and non-capital felonies, including among them armed robbery, and the question was whether OCGA § 17-7-170 or § 17-7-171 governed their demand for trial. The Court did not state which category it put armed robbery in. Nor does its discussion of *State v. Rowe*, 138 Ga. App. 904 (228 SE2d 3) (1976), imply that it considered armed robbery

---

[1] That is to say, the question of which appellate court had jurisdiction and the question of whether the State has two terms or three terms to try a criminal defendant are both procedural rather than substantive aspects. The question of what punishment is authorized would be a substantive aspect.

as a capital offense, because at the time *Rowe* was decided, the death penalty for armed robbery was constitutionally authorized and our court was actually dealing with a capital offense.

The Supreme Court overruled *Rowe* to the extent that its holding in *Cleary* conflicted. The holding in *Cleary* is that "where a multi-count indictment includes both capital and noncapital offenses, the time for trial upon a proper demand by a defendant is the time allowed under OCGA § 17-7-171 for the more serious offenses." *Cleary*, supra at 205. The rationale was that this was necessary to avoid a double jeopardy bar on the capital offense.

The Supreme Court decided *Orvis v. State*, 237 Ga. 6 (226 SE2d 570) (1976), an armed robbery case, before it stated in *Collins* that "armed robbery alone does not warrant the death penalty" and "the death penalty may not be imposed for [armed robbery] under present Georgia Statutes." *Collins*, supra at 402. It concluded that the rationale of *Coker v. Georgia*, 433 U. S. 584 (97 SC 2861, 53 LE2d 982) (1977), mandated this result. It is true that at the time of *Letbedder v. State*, 129 Ga. App. 196 (199 SE2d 270) (1973), cert. denied, 414 U. S. 1134 (94 SC 877, 38 LE2d 759) (1974), which the Court applied in *Orvis*, the death penalty for armed robbery was statutorily authorized but not imposable constitutionally by virtue of *Furman v. Georgia*, 408 U. S. 238 (92 SC 2726, 33 LE2d 346) (1972). The crucial difference now is that in the interim, the Georgia Supreme Court decided in *Collins* that the death penalty could not be imposed in Georgia under Georgia statutes. *Letbedder* was called for trial on February 23, 1973, before the post-*Furman* procedure for imposition of the death penalty went into effect. Ga. L. 1973, pp. 159, 172. The death penalty was still statutorily authorized but was procedurally infirm, according to *Furman*. Now it is not procedurally infirm, but the Supreme Court has made it substantively unavailable in *Collins*, as a matter of Georgia law. See also *Peek*, supra, and the two cases referred to in *Peek*, supra at 432.

This court has applied that *Collins* ruling. It has interpreted *Collins* as establishing the rule that "[f]or the purpose of imposition of punishment" armed robbery "is not a capital felony." *Davis v. State*, 159 Ga. App. 356, 361 (4) (283 SE2d 286) (1981). See also *Scott v. State*, 172 Ga. App. 725, 728 (5) (324 SE2d 565) (1984). The court in *Scott* also followed *Ivory v. State*, 160 Ga. App. 193, 195 (286 SE2d 435) (1981), for the proposition that " 'if death is not a possible sentence, insofar as punishment is concerned, the offense cannot be capital, and a defendant charged with armed robbery may be indicted as a recidivist. . . .' " *Scott*, supra at 728. Those three cases involved the substantive matter of punishment, and specifically the recidivist enhancement of punishment for armed robbery under the general recidivist statute, OCGA § 17-10-7, subsection (b) of which excludes capi-

tal felonies.

In *Garmon v. Johnson*, 243 Ga. 855 (257 SE2d 276) (1979), the Supreme Court considered the procedural rule allowing waiver of indictment and proceeding on accusation. According to OCGA § 17-7-70, this can be done under certain conditions "[i]n all felony cases, other than cases involving capital felonies. . . ." The Court held that "[b]ecause the death penalty cannot be imposed for armed robbery, we hold that armed robbery is not a capital felony within the meaning of the first sentence of [OCGA § 17-7-70]." Id. at 857.

Since, under current Georgia law, armed robbery is not a "capital offense" for the specific purposes heretofore litigated, except for Supreme Court jurisdiction and language-wise as a species of a historic term used generically, it is not a capital offense covered by OCGA § 17-7-171. The additional time for the State to prepare and bring to trial a "capital offense" does not apply to armed robbery because the defendant in such a case, who has demanded trial, cannot be punished with death.

I am authorized to state that Judge Cooper joins in this dissent.

DECIDED MARCH 20, 1992 —
RECONSIDERATION DENIED APRIL 3, 1992 —

*Peter D. Johnson*, for appellant.
*Michael C. Eubanks, District Attorney, Katherine F. Bond, Richard E. Thomas, Assistant District Attorneys*, for appellee.