AMERICAN MILLS COMPANY *v.* DOYAL, tax-commissioner.

ATKINSON, J.   1. The exception is to a judgment dismissing the action on general demurrer to the petition.   The allegation in the petition that the taxes in question and for which a refund is sought "are a burden on interstate commerce," and therefore are in violation of article 1, section 8, paragraph 3, of the constitution of the United States and are void, is not an attack upon the constitutionality of the statute under which the tax was collected.

2. It is declared in section 17 of the act of 1929   (Ga. L. 1929, p. 103): "Any taxpayer who shall be dissatisfied with any order of the State Tax Board may, within thirty (30) days after the rendition of such order, file his bill of complaint in the superior court of the county in which the tax accrued, setting forth his grounds of complaint, and such superior court shall hear and determine such matter as causes in chancery are heard and determined.   Appeal shall lie to the Supreme Court, as in other causes.   Any person improperly charged with any tax and required to pay the same may recover the amount paid, together with interest at the rate of 6% per annum, in any proper action or suit against the State tax-commissioner, and the superior court of the county in which the tax accrued shall have original jurisdiction of any action to recover any tax improperly collected.   It shall not be necessary for the taxpayer to protest against the payment of the tax or to make any demand to have the same refunded, in order to maintain such suit.   In any suit to recover taxes or to collect taxes the court shall adjudge costs to such extent and in such manner as may be deemed equitable."   *Held:*

(*a*) The provision that the "superior court shall hear and determine such matter as causes in chancery are heard and determined" does not make the statutory remedy referred to in the act a proceeding in equity.

(*b*) The jurisdiction of the Supreme Court is declared by the constitution (Civil Code, § 6502), and the legislature is without power by mere enactment to confer jurisdiction upon the Supreme Court to decide questions that are not of the class to which the jurisdiction of the Supreme Court is limited by the constitution.

(*c*) The provisions of the act of the legislature quoted above do not confer jurisdiction upon the Supreme Court in the instant case.   *Stein* v. *State Tax Board,* ante, 611.

(*d*) The Supreme Court has no jurisdiction of the writ of error, and the case is transferred to the Court of Appeals which has jurisdiction.

*Transferred to the Court of Appeals.   All the Justices concur, except Russell, C. J., who dissents.*

No. 8854.   MARCH 16, 1932.

*Herbert J. Haas* and *Bertram S. Boley,* for plaintiff.

*George M. Napier, attorney-general, W. K. Meadow, assistant attorney-general,* and *J. A. Smith,* for defendant.