## 32685. COLLINS v. THE STATE.

UNDERCOFLER, Presiding Justice.

Eddie Collins was convicted of rape, kidnapping, and armed robbery. He received a life sentence for the rape conviction and two fifteen-year sentences for the other two crimes to run concurrently. His appeal to this court was docketed July 7, 1977.

1. This court must inquire into its own jurisdiction. *Carparking, Inc. v. Chappell's, Inc.,* 213 Ga. 637 (100 SE2d 896) (1957); *Dade County v. State of Ga.,* 201 Ga. 241 (39 SE2d 473) (1946); *Wellborne v. State,* 114 Ga. 793 (40 SE 857) (1902). Therefore, we review the legislative Act passed this year by the General Assembly, which changes the jurisdiction of the Supreme Court and the Court of Appeals. Act No. 299, Ga. L. 1977, p. 710. The Act provides that the Court of Appeals shall have jurisdiction of appeals from armed robbery, rape and kidnapping convictions, where the death penalty is not imposed, while the Supreme Court shall have jurisdiction of appeals in cases involving state revenue, contested elections, and the validity of municipal legislative enactments. The effective date of the Act is July 1, 1977.

The Constitution provides, among other things, that

the Supreme Court shall have jurisdiction of appeals ". . . until otherwise provided by law, . . .; in all cases of conviction of a capital felony; . . ." Code Ann. § 2-3104. There is no constitutional provision that the Supreme Court shall have jurisdiction of appeals in cases involving state revenue, contested elections and the validity of municipal legislative enactments. Accordingly the Court of Appeals has jurisdiction of such appeals under the Constitution. The Constitution provides, "The Court of Appeals shall have jurisdiction . . . in all cases in which such jurisdiction has not been conferred by this Constitution upon the Supreme Court and in such other cases as may now or hereafter be prescribed by law; . . ." Code Ann. § 2-3108. Thus it is seen that Ga. L. 1977, p. 710, has reversed the appellate jurisdiction of the type cases treated therein. Jurisdiction of appeals from convictions of armed robbery, rape and kidnapping as capital felonies under Georgia statutes is given to the Supreme Court under the Constitution. The 1977 statute provides the Court of Appeals shall have jurisdiction of such appeals where the death penalty is not imposed. Jurisdiction of appeals from cases involving state revenue, contested elections and the validity of municipal legislative enactments is given to the Court of Appeals under the Constitution. The 1977 statute provides the Supreme Court shall have jurisdiction of such appeals.

The change of appellate jurisdiction of convictions of armed robbery, rape and kidnapping from the Supreme Court to the Court of Appeals is specifically authorized by the Constitution and the General Assembly may effect such a transfer provided such an enactment conforms to other constitutional provisions.

However, the transfer of cases to this court by the General Assembly is another matter. The jurisdiction of the Supreme Court is limited by the Georgia Constitution, 1976 Ga. Const., Art. VI, Sec. II, Par. IV (Code Ann. § 2-3104). As stated in *American Mills Co. v. Doyal,* 174 Ga. 631 (2b) (163 SE 603) (1932): "The jurisdiction of the Supreme Court is declared by the Constitution . . . and the legislature is without power by mere enactment to confer jurisdiction upon the Supreme Court to decide questions that are not of the class to which the jurisdiction of the

Supreme Court is limited by the constitution." The General Assembly has no authority to prescribe cases to the Supreme Court. We hold that the attempt by the General Assembly to enlarge the jurisdiction of this court is unconstitutional and that part of Ga. L. 1977, p. 710, giving the Supreme Court jurisdiction of appeals in cases involving state revenue, contested elections and the validity of municipal legislative enactments is void.

We do not reach the issue of whether the 1977 Act is severable and consequently whether the entire Act is unconstitutional. This question is moot under Division 2 of this opinion.

2. The Georgia Constitution confers jurisdiction on this court "in all cases of conviction of a capital felony." 1976 Ga. Const., supra. The United States Supreme Court in Coker v. Georgia, 433 U. S. — (97 SC 2861, 53 LE2d —) (1977), held that the death penalty can no longer be imposed for rape under the Eighth Amendment to the U. S. Constitution where the victim is not killed. This court has held that armed robbery alone does not warrant the death penalty. *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974). In our opinion the rationale of Coker must be applied also to armed robbery and kidnapping. See *Eberheart v. State* (two death sentences for rape and kidnapping with bodily injury) affirmed 232 Ga. 247 (206 SE2d 12) (1974); reversed Eberheart v. Georgia, U. S. (No. 74-5174, decided June 29, 1977).[1] Therefore the death penalty may not be imposed for these crimes under present Georgia statutes. It follows that there can be no "conviction of a capital felony" for these crimes within the meaning of the constitutional provision establishing the jurisdiction of the Supreme Court. "In our view the expression 'capital felony,' when used in our law, is merely descriptive of those felonies to which the death penalty is affixed as a punishment under given circumstances to distinguish such felonies from that *class in which under no circumstances would death ever be inflicted as a penalty* for the violation of the same." *Caesar v. State,* 127 Ga. 710, 712 (57 SE 66) (1906) (Emphasis supplied.) We conclude

---

[1] "The petitioner in this case was sentenced to death.

that convictions of rape, kidnapping and armed robbery under present Georgia statutes are no longer convictions of capital felonies for appellate jurisdictional purposes and jurisdiction of these appeals lies in the Court of Appeals.

In the interests of orderly administration, this court exercises its inherent power and directs that this ruling be effective with other cases docketed on and after August 1, 1977.

3. To effectuate the legislative intent of Act No. 299, Ga. L. 1977, p. 710, discussed above, this court has today adopted the following order: "The Court of Appeals is hereby directed and ordered, upon docketing in the Court of Appeals, to transfer to this court for review the following types of cases: (1) Cases involving the revenues of the state, (2) Election contests, and (3) Cases in which the constitutionality of any municipal or county ordinance or other legislative enactment is drawn into question. This order shall be effective as to cases docketed in the Court of Appeals on and after the 1st day of August, 1977."

On and after August 1, 1977, and until further order, cases involving the revenues of the state, election contests and cases in which the constitutionality of any municipal or county ordinance or other legislative enactment is drawn into question should be docketed in the Court of Appeals from which they will be transferred for review to this court. On the other hand, on and after August 1, 1977, rape, armed robbery and kidnapping cases shall be docketed in the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices*

---

The imposition and carrying out of the death penalty in this case constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. Coker v. Georgia, 433 U. S. —— (1977). The motion for leave to proceed in forma pauperis and the petition for a writ of certiorari are granted. The judgment is vacated insofar as it leaves undisturbed the death penalty imposed, and the case is remanded to the Supreme Court of Georgia for further proceedings."

*concur, except Jordan, J., who concurs specially.*

SUBMITTED JULY 7, 1977 — DECIDED JULY 18, 1977.

*Rice & Lawrence, George D. Lawrence, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

JORDAN, Justice, concurring specially.

There can be no doubt that Coker v. Georgia, 433 U. S. — (97 SC 2861, 53 LE2d —) (1977), eliminated the death penalty for rape of an *adult* where the victim is not killed. Apparently, Eberheart v. Georgia, 433 U. S. — (97 SC —, 53 LE2d —) (1977), eliminated the death penalty for kidnapping of an *adult* where death to the victim does not result. The purpose of this special concurrence is to point out that neither of these cases appears to prevent the imposition of the death penalty for rape or kidnapping under any and all circumstances.

For instance, several states now have statutes providing for the death penalty for rape of a *minor* child. Those statutes were not involved in Coker and must be considered valid unless and until they are held unconstitutional by a proper tribunal. Likewise, the kidnapping with violence of an *infant or minor* for ransom was not considered under the factual situation in Eberheart, supra.

In my opinion it is still possible for the General Assembly to enact clearly defined and restricted death penalty statutes dealing with the crimes of rape and kidnapping of a *minor* child where the treatment of the victim is outrageously vile, horrible or inhuman, or where other aggravating circumstances exist, even though the victim be left short of death. As pointed out in the opinion, we only hold that the "death penalty may not be imposed for these crimes under *present* Georgia statutes." (Emphasis supplied.)

Of course the crimes of treason and aircraft hijacking, along with murder, remain capital felonies, giving this court jurisdiction of appeals from the conviction for such offenses.

*Note:* Pursuant to direction from the Supreme Court opinions will not be published in the following three (3) habeas corpus cases. Rule 32 (k), Supreme Court Rules.