## A92A2417. GETTY v. THE STATE.
(429 SE2d 100)

BEASLEY, Judge.

Getty was indicted as a recidivist and charged with armed robbery (OCGA § 16-8-41 (a)), and burglary (OCGA § 16-7-1). He was convicted by a jury of the former offense and pled guilty to the latter. He was sentenced as a recidivist to life imprisonment for armed robbery and to a concurrent ten-year term for burglary. His conviction was affirmed on appeal to this court on the sole ground raised, sufficiency of the evidence. *Getty v. State*, 202 Ga. App. 490 (415 SE2d 29) (1992). The case is now before us from the denial of appellant's pro se "motion to correct illegally imposed sentence." Finding no legal error in the sentence, we affirm.

Appellant contends that the trial court exceeded its discretion in sentencing him to life imprisonment and thus violated his rights to

due process of law as guaranteed under the Fourteenth Amendment to the United States Constitution.

The indictment contained two recidivist counts specifying that appellant previously pled guilty in Georgia to three counts of burglary and one count of armed robbery for which he was sentenced to confinement in a penitentiary, and that he entered a nolo contendere plea to robbery with a firearm in a Florida court, for which he was also sentenced to confinement in a penal institution. The recidivism counts were not disclosed to the jury. During sentencing, certified copies of appellant's prior convictions were admitted in evidence and considered by the trial court.

The penalty provision of the armed robbery statute, OCGA § 16-8-41 (b), specifies: "A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than five nor more than 20 years; provided, however, that, for a second or subsequent such offense, the defendant shall be punished by imprisonment for not less than ten years."

The general recidivist statute, OCGA § 17-10-7 (a), provides in relevant part: "Any person convicted of a felony offense in this state or having been convicted under the laws of any other state or of the United States of a crime which if committed within this state would be a felony and sentenced to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his discretion, probate or suspend the maximum sentence prescribed for the offense."

OCGA § 17-10-7 (b) *mandates* that a defendant convicted of a fourth felony offense "serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." Although the foregoing Code section specifically excludes capital felonies, "[f]or the purpose of imposition of punishment — armed robbery is not a capital felony. *Collins v. State*, 239 Ga. 400, 402 (236 SE2d 759). The general recidivist statute includes — for purpose of punishment — the offense of armed robbery." *Davis v. State*, 159 Ga. App. 356, 361 (4) (b) (283 SE2d 286) (1981). Under the authority of *Collins* and *Davis*, "this court has held 'if death is not a possible sentence, insofar as punishment is concerned, the offense cannot be capital, and a defendant charged with armed robbery may be indicted as a recidivist. . . .' [Cits.]" *Scott v. State*, 172 Ga. App. 725, 728 (5) (324

SE2d 565) (1984).[1]

" 'The sentence to which a defendant is subject is controlled by the indictment. If the state indicts the defendant for armed robbery and in the recidivist count includes separate convictions of three prior felonies — (OCGA § 17-10-7 . . .) is applicable. . . . [Cit.]' " (Emphasis omitted.) *State v. Baldwin*, 167 Ga. App. 737, 739 (3) (307 SE2d 679) (1983).

" 'The power to create crimes and to prescribe punishment therefor is legislative.' [Cit.] . . . 'The judge is a mere agent of the law. He has no discretion except as it is given him. The penalty is affixed by law.' [Cit.] . . . 'In the absence of legislation, the judiciary cannot exercise discretion in fixing the quantum of punishment to be inflicted upon criminals. Such power is not one which inheres in the judicial department.' [Cit.] Thus, it is within the power of the legislature to direct the punishment to be prescribed for second offenders and to leave no discretion to the trial judge." (Emphasis omitted.) *Knight v. State*, 243 Ga. 770, 771 (1) (257 SE2d 182) (1979).

The trial court was authorized to sentence appellant under the general recidivist statute, OCGA § 17-10-7 (a), to the "longest period of time prescribed for the punishment of [armed robbery]." " 'The maximum penalty upon conviction for armed robbery is life imprisonment. (Cits.) Life imprisonment — as prescribed by the legislature, was the only authorized punishment under (OCGA § 17-10-7 (a) . . .).' . . . [Cit.]" (Emphasis omitted.) *Baldwin*, supra at 739. It follows that the sentence imposed is within the limits prescribed by law. No violation of the Fourteenth Amendment has been shown.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 22, 1993 —
RECONSIDERATION DENIED MARCH 11, 1993 — 

Michael L. Getty, *pro se.*

Edward D. Lukemire, District Attorney, Shelley S. Howard, Assistant District Attorney, for appellee.

---

[1] This court has held that armed robbery *is* a capital offense so that the speedy trial requirements of OCGA § 17-7-170 do not apply. *White v. State*, 202 Ga. App. 370 (414 SE2d 296) (1991); *Harper v. State*, 203 Ga. App. 775 (417 SE2d 435) (1992). It is *not* regarded as a capital felony for purposes of waiving indictment or for appellate jurisdiction. See *Ivory v. State*, 160 Ga. App. 193, 195 (2) (286 SE2d 435) (1981); 1983 Ga. Const., Art. VI, Sec. VI, Par. III (8).