A00A2101. WADE v. THE STATE.
(541 SE2d 426)

BARNES, Judge.

John Wade was indicted for child molestation, first degree cruelty to children, and aggravated sexual battery. A jury convicted him of child molestation and cruelty to children, but found him not guilty on the aggravated sexual battery charge. The trial court sentenced him to concurrent sentences of twenty years, to serve seven in prison. Wade appeals, alleging that insufficient evidence supports the convictions. Wade also asserts that the trial court erred in charging the entire cruelty to children statute after the prosecutor announced during Wade's directed verdict motion that she was proceeding under only the mental cruelty portion of the indictment. Finding no reversible error, we affirm.

1. Construed to support the verdict, the evidence revealed that the victim and her brother were spending the night with Wade and his wife, who are the parents of their stepfather. The victim, who was ten at the time, testified that she was asleep on the sofa when she woke to discover Wade's hand on her vagina underneath her underwear. He moved his fingers up and down and inserted a finger into her, which she said "kind of hurt." When she told him to stop, he got up and went away, but then he came back and began touching her vagina. The victim started crying, got up, and went into her stepgrandmother's bedroom to wake her and tell her what happened. The victim then locked herself in the bathroom because she was afraid

that Wade might hurt her. Then her stepgrandmother took her and her brother home to her mother.

The victim's mother testified that her mother-in-law, the children's stepgrandmother, brought the victim and brother home around 1:00 or 2:00 in the morning. The mother-in-law was "squalling" and said that Wade had touched the victim "where he was not supposed to." The mother looked at her daughter's vagina, which was "really, really red" with some discharge, but the child did not want to go to the doctor. The child has suffered a recurrence of bed-wetting since the incident, the mother said.

This evidence is sufficient to sustain the convictions for child molestation and cruelty to children under the principles of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wilhelm v. State*, 237 Ga. App. 682, 685 (3) (516 SE2d 545) (1999) (the determination of what is cruel or excessive physical or mental pain is for the jury).

2. In response to Wade's motion for a directed verdict on the cruelty count, the prosecutor said, "Your Honor, the State is going under the theory of his cruel mental pain and not physical pain." The prosecutor then proceeded to outline the evidence supporting that count. Wade asserts the trial court thus erred in subsequently charging the jury as follows:

> The third count of the indictment alleges the crime of cruelty to children. As related to this case, the State law defines cruelty to children as follows: Any person commits the offense of cruelty to children when that person maliciously causes a child under the age of 18 years cruel and excessive *physical or* mental pain.

(Emphasis supplied.)

(a) The State argues first that Wade waived his right to argue this error on appeal, because he neither asked for a different charge nor objected after the charge was given. However, the record shows that the trial court never asked the parties if they had any exception to the jury charge. Therefore, Wade cannot be deemed to have waived the right to raise his objection on appeal. *Tolver v. State*, 269 Ga. 530, 533 (5) (500 SE2d 563) (1998).

(b) Regardless of the prosecutor's comment to the court that the State was proceeding only under the mental cruelty portion of the indictment, the physical cruelty allegation was not deleted and the State presented evidence of physical cruelty. The child testified that Wade's actions hurt, and her mother testified that the child said it hurt and that her vagina was very red. "The instructions in a criminal trial should be tailored to the indictment and adjusted to the evi-

dence admitted in court." (Citation and punctuation omitted.) *Hightower v. State*, 210 Ga. App. 386, 388 (3) (436 SE2d 28) (1993). The trial court's charge to the jury defining the crime of cruelty to children was adjusted to the evidence and was not error.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 1, 2000.

*Kathleen J. Anderson*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.