## S01A1649. TURAN v. THE STATE.
(559 SE2d 463)

CARLEY, Justice.

A jury returned a verdict finding Troy Turan guilty of the malice murder of his estranged wife, Robin Turan. After entering a judgment of conviction on the verdict, the trial court sentenced him to life in prison. Turan moved unsuccessfully for a new trial, and he now brings this appeal.[1]

1. Appellant enumerates the general grounds, urging that the circumstantial evidence is insufficient to authorize a finding of guilt. On appeal, the presumption of his innocence no longer applies, and the evidence must be construed most strongly in support of the jury's verdict finding him guilty. *Sapp v. State*, 273 Ga. 472, 473 (543 SE2d 27) (2001). The prosecution showed the following:

Notwithstanding a pending divorce proceeding, the appellant and the victim continued to share a house with their two young children. Around 9:00 p.m. on December 1, 1998, Ms. Turan left the residence of her sister, Lorie Capito. During their visit, the victim told Ms. Capito that she was anxious for the divorce to proceed. She decided on that day to remove her wedding ring. Appellant was aware that she had renewed contact with a former boyfriend. When she left her sister's house, Ms. Turan indicated to her sister that she was going home. A receipt for gasoline showed that she stopped at a service station a short time thereafter. Less than 12 hours later, her body was discovered in her automobile some seven miles from her house. She had been attacked and strangled from behind, and it initially appeared that she was the victim of a carjacking and robbery. However, numerous items had not been taken, indicating that theft was not the motive. Moreover, photographs of the body suggested that she was not wearing any makeup, although Ms. Capito said that she had been wearing it during their visit. The victim was not wearing a shirt or blouse, and an earring was discovered in the car. A matching earring was subsequently found at the Turans' house, as

---

[1] The murder occurred on December 1 or 2, 1998. The grand jury indicted Turan on December 14, 1998. The jury returned its guilty verdict on October 30, 1999. The trial court entered the judgment and imposed the life sentence on November 1, 1999. Appellant's motion for new trial was filed on November 16, 1999. The trial court denied the motion on May 24, 2001. Turan filed a notice of appeal on June 4, 2001. The case was docketed in this Court on August 6, 2001 and submitted for decision on October 1, 2001.

well as a shirt which Ms. Capito testified the victim was wearing on the night she was last seen alive. The odometer reading on Ms. Turan's car closely approximated a route from Ms. Capito's home, to the gas station, on to the Turans' residence and then to the location where it and the body were found. Turan claimed that he had been with the children all evening and overnight, and that his wife never arrived home. The next morning, he did begin to make inquiries about her whereabouts, but never attempted to contact her directly by calling her cell phone. He had scratches, which he attributed to play with the children.

On this evidence, the jury was authorized to find that Ms. Turan got home, removed her makeup and shirt before appellant attacked her from behind and strangled her. He then placed the body in her car and drove seven miles, where he abandoned the automobile and his dead wife after staging a robbery. One of her earrings was lost at the house, either in the struggle or when the killer was moving her body to the car. The strongest evidence of his innocence was the discovery in the victim's hand of hair which did not match his. According to an expert for the State, however, the quantity of hair was unusually large and considerably greater than that generally found at a crime scene. Thus, considering the other circumstances pointing to Turan's guilt, it was not illogical to infer that he intentionally placed the hair there so as to draw suspicion away from himself. Accordingly, the jury could find that the non-matching hair constituted evidence of premeditation, rather than of innocence.

Questions as to the reasonableness of hypotheses are generally for the jurors, and, when they find the circumstantial evidence sufficient to exclude every other reasonable theory except the defendant's guilt, an appellate court will not disturb that finding unless it is unsupportable as a matter of law. *Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998). Construing the circumstantial evidence most strongly in support of the jury's verdict in this case, it was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Turan was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Givens v. State*, 273 Ga. 818, 819 (1) (546 SE2d 509) (2001).

2. Over appellant's objection, the prosecution introduced evidence of a "prior difficulty" between him and his wife some years before her murder. The evidence was relevant to the pre-existing relationship between the two, and to show his possible motive, intent, and bent of mind in committing the act which allegedly resulted in her homicide. *Givens v. State*, supra at 822 (4); *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998). The trial court instructed the jury as to the limited relevancy of the evidence, and did not err in admitting it for that restricted purpose.

3. Citing *Sims v. State*, 266 Ga. 417, 419 (3)· (467 SE2d 574) (1996), Turan contends that, on voir dire, Ray Christopher, who ultimately served on the jury, answered a material question dishonestly, and that the State failed to prove beyond a reasonable doubt that Mr. Christopher's lie did not harm the defense. However, *Sims* dealt with juror misconduct during the course of the trial, and did not involve the allegedly untruthful response of a potential juror on voir dire. No presumption of harm arises upon a defendant's mere showing that a prospective juror's answers were false. The burden was on appellant to show that a material question was not answered truthfully *"and that a correct response would have been a valid basis for a challenge for cause.* [Cits,]" (Emphasis supplied.) *Sears v. State*, 270 Ga. 834, 840 (2) (514 SE2d 426) (1999).

According to appellant, Mr. Christopher was not truthful because he failed to divulge his connection with law enforcement. However, the record shows only that he remained silent when asked about his good and bad experiences with officers and whether he had a personal or friendly relationship with employees of the sheriff's department. Mr. Christopher is an exterminator who monthly services certain county facilities, including the jail, for insect control. Such an attenuated business connection should not be considered as being within the ambit of an "experience" or personal "relationship" with law enforcement officers. Moreover, even assuming that Mr. Christopher did not answer the questions in complete candor, the mere fact that he did work for the county would not be grounds to challenge him for cause. See OCGA § 15-12-164; *Poole v. State*, 262 Ga. 668, 670 (2) (424 SE2d 275) (1993). Appellant failed to prove both prongs of his claim that Mr. Christopher's silence was dishonest and harmful, and the trial court correctly denied this ground of his motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 4, 2002.

*Garland, Samuel & Loeb, Donald F. Samuel*, for appellant.·
*Philip C. Smith, District Attorney, Penny A. Penn, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.