### A02A0896. COOK v. THE STATE.
(565 SE2d 487)

PHIPPS, Judge.

Deangelo Cook appeals the trial court's denial of his motion to correct his sentence. Cook contends that the sentence of life without parole for armed robbery was not permitted under the laws in effect when he committed the crimes. We disagree and affirm.

In April 1993, Cook and two accomplices robbed a bank while using a pistol. Cook was indicted for armed robbery and possession of a firearm by a convicted felon. The State also charged Cook with being a recidivist, and at trial the State presented evidence of his four prior felony convictions. In January 1994, a jury found Cook guilty of armed robbery, and the trial court sentenced him as a recidivist to life imprisonment without parole.[1] We affirmed Cook's conviction on direct appeal.[2]

In November 2000, Cook filed a "Motion to Correct and Set Aside Illegal Sentence," arguing that the recidivist sentencing statute in

---

[64] *Threlkeld v. State*, 250 Ga. App. 44, 46 (2) (550 SE2d 454) (2001).

[1] Cook also was convicted of being a felon in possession of a firearm, but that count is not at issue in this appeal.

[2] *Cook v. State*, 221 Ga. App. 831 (472 SE2d 686) (1996).

effect when he committed the armed robbery — OCGA § 17-10-7 — did not allow a sentence of life without parole. According to Cook, life without parole was not authorized at that time. That, however, is incorrect.

In April 1993, OCGA § 17-10-7 (b) provided that

[a]ny person who, after having been convicted . . . for three felonies . . . , commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and *shall not be eligible for parole* until the maximum sentence has been served.[3]

Although the armed robbery statute provides for a potential sentence of death,[4] Georgia's appellate courts have recognized that such a penalty would be unconstitutional.[5] Thus, armed robbery is not considered a capital felony for the purpose of recidivist sentencing,[6] and Cook's sentence was governed by OCGA § 17-10-7 (b). As his armed robbery conviction was his fifth felony conviction, the trial court was authorized to sentence him to the maximum sentence of life imprisonment, with no eligibility for parole.[7] It follows that the court did not err in denying Cook's motion to correct his sentence.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 19, 2002 —
RECONSIDERATION DENIED MAY 16, 2002.

Deangelo Cook, *pro se.*
*David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.

---

[3] (Emphasis supplied.)
[4] See OCGA § 16-8-41 (b).
[5] See *Collins v. State*, 239 Ga. 400, 402-403 (2) (236 SE2d 759) (1977); *Harper v. State*, 203 Ga. App. 775, 776 (417 SE2d 435) (1992).
[6] *Getty v. State*, 207 Ga. App. 736, 737 (429 SE2d 100) (1993).
[7] See id.; *Moore v. State*, 251 Ga. App. 295 (554 SE2d 204) (2001).