## S03A0218. FUNDERBURK v. THE STATE.
### (580 SE2d 234)

BENHAM, Justice.

This appeal is from Rickey Eugene Funderburk's conviction for the murder of Bonnie Hawkins.[1] Evidence adduced at trial showed the following. Funderburk worked as night manager of a video store and lived in an apartment above the store. The manager of the store awakened Funderburk on January 21, 2000, after discovering the store in disarray and some cash collected during the previous night missing. Funderburk, who had been drinking with Hawkins the night before, became upset and started drinking again. Called by the store manager, a police officer questioned Funderburk, who attempted to implicate Hawkins as the person who had stolen the money. As the questioning continued, Funderburk became confrontational, telling the officer he would take care of the problem with Bonnie Hawkins himself if the officer did not. The video store manager testified he heard Funderburk say in the parking lot he was going to burn a building down. Another witness testified he heard Funderburk say that same morning he planned to burn someone, and a third witness testified Funderburk said later that morning he was going to burn somebody up. A friend who helped Funderburk clean up the store recounted Funderburk poured charcoal lighter fluid into a plastic bottle and walked out while saying he was going to burn someone up. Subsequently, the building where Bonnie Hawkins lived

---

[1] Bonnie Hawkins was found burned to death in her home on January 21, 2000. Funderburk was indicted on February 8, 2000, for one count of malice murder, one count of felony murder (arson), and one count of arson in the first degree. At the conclusion of a trial conducted October 23-25, 2000, the jury found him guilty of all counts. Pursuant to OCGA § 17-10-7 (c), Funderburk was sentenced as a recidivist to life imprisonment without the possibility of parole for malice murder. The felony murder count was vacated by operation of law (*Malcolm v. State*, 263 Ga. 369 (434 SE2d 479) (1993)), and the arson count merged as an included offense of malice murder. On November 17, 2000, Funderburk filed a motion for new trial, which was amended on July 20, 2001, by new counsel. Following an evidentiary hearing on April 19, 2002, the trial court denied the motion for new trial on May 30, 2002. Notice of appeal was filed on June 18, 2002; the appeal was docketed in this Court on October 17, 2002; and the appeal was submitted for decision on the briefs.

burned and she was found dead of smoke inhalation. Later that day, Funderburk approached witnesses who had observed the fire spreading and said he had burned someone and would do it again. A fire department witness testified the cause of the fire was arson and the fire was started in two distinct places in the house.

1. Though largely circumstantial, the evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Funderburk guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lowe v. State*, 267 Ga. 180 (1) (476 SE2d 583) (1996). Since the trial court entered a judgment of conviction and sentence only on the verdict finding Funderburk guilty of malice murder, any issues concerning the arson and felony murder counts of the indictment are moot and will not be considered. *Pickren v. State*, 272 Ga. 421 (1) (530 SE2d 464) (2000).

2. Funderburk's sentence for murder was life imprisonment without possibility of parole, imposed pursuant to a recidivist statute, OCGA § 17-10-7 (c),[2] which provides as follows:

> Except as otherwise provided in subsection (b) of this Code section, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

As may be seen from the language of the statute, it does not apply to capital felonies. "In general parlance, malice murder is a capital felony. [Cit.]" *Weatherbed v. State*, 271 Ga. 736, 738 (524 SE2d 452) (1999). Since murder is a capital felony and OCGA § 17-10-7 (c) expressly excepts from its purview capital felonies, it follows that a sentence under that Code section is a punishment which the law does not allow to be imposed for murder.

The State's only response to this issue is to admit that murder is

---

[2] Although a sentence of life imprisonment without possibility of parole may be imposed for murder, either as a recidivist sentence under OCGA § 17-10-7 (b) (2), which requires that the defendant be previously convicted of a serious violent felony (see OCGA § 17-10-6.1 (a)), or as an alternative sentence when the death penalty is sought (see OCGA § 17-10-31.1), neither of those circumstances is present in this case.

a capital felony and to suggest that since Funderburk did not raise the issue at trial, it was waived. However, we recently held that a sentence which is not allowed by law is void and its illegality may not be waived. *Curtis v. State*, 275 Ga. 576 (1) (571 SE2d 376) (2002). That being so, the sentence of life imprisonment without possibility of parole must be vacated and the case remanded to the trial court with direction to enter a legal sentence.

*Judgment of conviction affirmed; sentence vacated and case remanded for resentencing. All the Justices concur.*

DECIDED MAY 5, 2003.

*Cynthia W. Harrison*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Pawlak, Assistant Attorney General*, for appellee.