A04A0232. DIXON v. THE STATE.
(600 SE2d 415)

BARNES, Judge.
Leonard Otis Dixon appeals his conviction of armed robbery and the denial of his motion for a new trial. Dixon was indicted for and convicted of armed robbery in violation of OCGA § 16-8-41. Following his conviction, the trial court initially sentenced Dixon to serve 20 years confinement without parole. Thereafter, the State moved to vacate this sentence contending that under our law a sentence of life without parole was required by OCGA § 17-10-7 (c). The trial court then granted the motion and sentenced Dixon to life without parole. On November 5, 2002, the trial court denied Dixon's motion for a new trial, which was filed on April 7, 1998. The appeal was docketed in this court on September 18, 2003.

On appeal, Dixon contends the trial court erred by sentencing him to life without parole because armed robbery is a capital felony and by its terms OCGA § 17-10-7 (c) does not apply to capital felonies. Dixon also contends the evidence is insufficient to sustain his conviction of armed robbery. Finding no error, we affirm.

1. Dixon first contends the trial court erred by sentencing him to life without parole under OCGA § 17-10-7 (c) because that Code section specifically excludes capital felonies. OCGA § 17-10-7 (c) provides:

> Except as otherwise provided in subsection (b) of this Code section [not relevant here], any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state *other than a capital felony* must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

(Emphasis supplied.) *Funderburk v. State*, 276 Ga. 554, 555 (580 SE2d 234) (2003). Dixon relies upon *Funderburk* for the proposition that he cannot be sentenced under OCGA § 17-10-7 (c) because the Code section "expressly excepts from its purview capital felonies." Id. at 555.

This argument, however, overlooks a long line of cases holding that,

> [a]lthough the foregoing Code section specifically excludes capital felonies, for the purpose of imposition of punishment — armed robbery is not a capital felony. *Collins v. State*, 239 Ga. 400, 402 (236 SE2d 759) [(1977)]. The general recidivist statute includes — for purpose of punishment — the offense of armed robbery. *Davis v. State*, 159 Ga. App. 356, 361 (4) (b) (283 SE2d 286) (1981). Under the authority of *Collins* and *Davis*, this court has held if death is not a possible sentence, insofar as punishment is concerned, the offense cannot be capital, and a defendant charged with armed robbery may be indicted as a recidivist.

(Citation and punctuation omitted.) *Getty v. State*, 207 Ga. App. 736, 737-738 (429 SE2d 100) (1993). We reasoned that even though OCGA § 16-8-41 (b) authorizes the imposition of the death penalty for armed robbery, our Supreme Court

> in *Collins v. State*, [supra], held that since the death penalty may not be imposed for rape and armed robbery there can be no conviction of a capital felony. Hence, this Court has

interpreted *Collins* as establishing the rule that for the purpose of imposition of punishment armed robbery is not a capital felony. Under this authority, this court has held if death is not a possible sentence, insofar as punishment is concerned, the offense cannot be capital, and a defendant charged with armed robbery may be indicted as a recidivist.

(Citation and punctuation omitted.) *Scott v. State*, 172 Ga. App. 725, 728 (5) (324 SE2d 565) (1984).

Therefore, Dixon's sentence was governed by OCGA § 17-10-7 (c), and the trial court did not err by denying his motion to correct his sentence. *Cook v. State*, 255 Ga. App. 405, 406 (565 SE2d 487) (2002).

2. Dixon also contends the evidence was insufficient to sustain his conviction. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Dixon alleges that the State failed to prove at trial that he had the requisite intent to commit armed robbery or that the victim saw an offensive weapon during the robbery and that the State failed to connect the gun found in his possession with the robbery. We disagree.

On appeal the evidence must be viewed in the light most favorable to the verdict, the appellant no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency of the evidence and does not weigh the evidence or judge the credibility of the witnesses. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in that manner, the evidence shows that the victim testified that Dixon brought Tootsie Roll candy to the cash register, held a silver gun to her side, and took $59 from her cash register. The victim identified Dixon as the person who robbed her. The store's videotape recorder made a tape of what happened. Shortly thereafter, based on a description provided by the victim, a police officer apprehended Dixon. In Dixon's possession the police found Tootsie Roll candy, a gun, and $59 in cash. After his apprehension, Dixon gave a statement to the police admitting the armed robbery to get money for drugs. This evidence is sufficient to sustain Dixon's conviction under the standards established in *Jackson v. Virginia*, supra.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MAY 19, 2004.

*Lon P. Kemeness*, for appellant.
*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.