## A04A2196. BROGDON v. THE STATE.
### (607 SE2d 199)

MILLER, Judge.

James Brogdon appeals from his convictions for aggravated stalking, aggravated assault, cruelty to children, and possession of a firearm during the commission of a felony. He contends that the trial court erred in allowing evidence of prior difficulties between him and his estranged wife, and in failing to give his requested charge on accident. We discern no error and affirm.

The evidence reveals that in violation of a temporary restraining order, Brogdon entered the home of his estranged wife where he discovered her and the victim asleep on a mattress on the floor. From the doorway of the bedroom, Brogdon pointed a gun at the victim, who was now on his knees. The victim then lunged at Brogdon, who fired the gun, hitting the victim in the wrist. The victim then shut the door on Brogdon. Brogdon fired two additional shots through the door, with one of the shots hitting the victim in the leg.

1. During trial, Brogdon's estranged wife was allowed to testify that Brogdon had raped her several times in the two years before she sought a restraining order, and that during one of the encounters he threatened her that if she ever left him "[i]t would be an ugly sight." The trial court allowed the admission of the evidence as prior difficulties. Brogdon contends that the trial court erred in allowing this evidence because it placed his character in issue. He argues that the evidence was prejudicial in that it gave the jury the impression that he was prone to violence.

"Evidence of prior difficulties between a defendant and a victim is generally admissible when the crime charged was perpetrated against the victim and the evidence demonstrates: (1) the relationship between the defendant and victim, and (2) the defendant's motive, intent or bent of mind." (Footnote omitted.) *Tuff v. State*, 278 Ga. 91, 92 (2) (597 SE2d 328) (2004). "Unlike similar transactions, prior difficulties between the parties are not independent acts or occurrences, but are connected acts or occurrences arising from the relationship between the same people involved in the prosecution and are related and connected by such nexus." (Citation and punctuation omitted.) *Kinney v. State*, 234 Ga. App. 733, 735 (2) (506 SE2d 441) (1998). Here Brogdon was charged with aggravated stalking for making contact with his estranged wife in violation of the temporary restraining order for the purpose of harassing and intimidating her. Brogdon's wife's testimony about the rapes and threats that occurred prior to her seeking the restraining order demonstrated the nature of the relationship between the couple. This evidence also demonstrated Brogdon's intent, motive, and bent of mind in committing the crime of aggravated stalking. See *Turan v. State*, 274 Ga. 725, 726 (2)

(559 SE2d 463) (2002); *Dixon v. State*, 275 Ga. 232-233 (2) (564 SE2d 198) (2002). There was thus no error in the admission of the testimony concerning the rapes and threats.

2. Brogdon argues that the trial court erred in refusing to give his requested charge on accident. He contends that the upward and downward trajectory of the two shots fired through the door showed that they were fired accidentally, and likely the result of the door striking Brogdon as the victim closed it.

"The instructions in a criminal trial should be tailored to the indictment and adjusted to the evidence admitted in court." (Citation and punctuation omitted.) *Wade v. State*, 246 Ga. App. 614, 615-616 (2) (b) (541 SE2d 426) (2000). The investigating officers testified that the first shot through the door went through at a downward angle, and that the second shot was fired at an upward angle. The trajectory of the shots alone is not evidence that they were fired accidentally and there was no evidence that the door hit Brogdon at all, let alone that this was the cause of firing twice in two different directions. As there was no evidence from which the jury could infer that the gun was accidentally fired, the trial court did not err in refusing to instruct the jury on accident. See *Shorter v. State*, 270 Ga. 280-281 (2) (507 SE2d 757) (1998).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 19, 2004.

*Lawrence Lewis*, for appellant.

*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney*, for appellee.