## S05A0931. DEMPSEY v. THE STATE.

(615 SE2d 522)

CARLEY, Justice.

Miles Victor Dempsey was tried before a jury and found guilty of the malice murder of Jennifer Causey, an alternative count of felony murder, aggravated assault, and armed robbery. The felony murder count stood vacated by operation of law, and the trial court merged the aggravated assault count into the malice murder. *Malcolm v. State,* 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). The trial court entered judgments of conviction for the remaining counts of malice murder and armed robbery, and, pursuant to OCGA § 17-10-7, imposed consecutive sentences of life imprisonment without parole. The trial court denied a motion for new trial, and Dempsey appeals.[1]

1. Construed in support of the verdicts, the evidence shows that the victim, while working the night shift as a hotel desk clerk, was talking on the telephone with her friend Crystal Tucker Lee when the hotel's maintenance man, who had been angry and had cursed at the victim the previous morning, twice interrupted to request supplies. Since it was late, the women thought that the requests were odd. The victim told Ms. Lee that the man's name was "Miles," that she felt nervous and scared, and that Ms. Lee should call 911 if something should happen to her. A few minutes later, the victim said that the man was back again, and then called the name "Miles" in a manner which expressed shock. Ms. Lee heard the telephone drop and what sounded like a baseball bat hitting a desk three or four times. When the victim did not respond, Ms. Lee called 911, and the call was

---

[1] The crimes occurred on March 13, 2001, and the grand jury returned its indictment on January 25, 2002. The jury found Dempsey guilty on August 23, 2002 and, on September 11, 2002, the trial court entered the judgments of conviction and sentences. On September 12, 2002, Dempsey filed the motion for new trial, which was amended on December 10, 2003 and denied on January 6, 2004. Dempsey filed a notice of appeal on February 2, 2004. The case was docketed in this Court on February 22, 2005 and submitted for decision on April 18, 2005.

transferred to the correct jurisdiction. The police arrived at the hotel one minute later, discovered the victim dead with openings in her skull, found Dempsey in his room, and arrested him. A pair of jeans taken from the room had a blood stain which was from the victim, according to subsequent DNA testing. The hotel's cash drawer was empty, and money was missing. The finder of fact could infer that Dempsey had very recently hidden some money which police officers found under ivy at a fence on the premises. Both the money and a nearby shirt of Dempsey's were dry, even though it had rained earlier that same evening and the fence and the ivy were wet. The jury was authorized to find that Dempsey was guilty of malice murder and armed robbery beyond a reasonable doubt and to the exclusion of every reasonable hypothesis save that of guilt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Turan v. State*, 274 Ga. 725 (1) (559 SE2d 463) (2002).

2. Dempsey contends that the trial court denied him a fair trial by improperly limiting his cross-examination of State witnesses in several instances.

(a) Defense counsel attempted to ask Ms. Lee whether Dempsey's late-night requests for cleaning supplies would be unusual if a toilet overflowed. The trial court did not abuse its discretion in finding that such cross-examination regarding the likelihood of Dempsey's need for supplies called for speculation. See *Taylor v. State*, 272 Ga. 744, 747 (2) (534 SE2d 67) (2000). Moreover, the trial court permitted Dempsey's attorney to raise the question on closing argument, and Dempsey has not shown or argued that the jury was any less capable than Ms. Lee of evaluating the requests for supplies. See *McKenzie v. State*, 248 Ga. 294, 297 (12) (282 SE2d 95) (1981).

(b) A detective testified without objection on direct examination that, during his investigation, he did not uncover any evidence that anyone other than Dempsey was involved in the crimes. On cross-examination, defense counsel asked the detective whether the fact that not all of the money was recovered would indicate that the crimes could have been committed by more than one person, or by someone other than Dempsey. "This theory is speculative, and we find no abuse of discretion in the trial court's refusal to allow [the] cross-examination. . . . [Cit.]" *Smith v. State*, 270 Ga. 68, 71 (7) (508 SE2d 145) (1998). See also *Walker v. State*, 264 Ga. 79, 81 (4) (440 SE2d 637) (1994).

(c) Defense counsel also asked a police sergeant whether he would have done anything differently had he known that two truckers arrived at the hotel office shortly before the attack. As posed, the question "required [the witness] to speculate as to his course of conduct in a hypothetical situation and to express an opinion thereto; and, following the sustaining of the objection, [defense] counsel made

no timely attempt to rephrase the question." *Grissett v. State*, 199 Ga. App. 547, 548 (3) (405 SE2d 542) (1991). Since the sergeant testified that he was not told about the truckers, "[t]he question called for speculation regarding an event that, as far as [he] was concerned, did not happen." *Hayes v. State*, 236 Ga. App. 617, 618-619 (2) (512 SE2d 294) (1999).

Accordingly, we do not find any error in the trial court's restrictions on speculative cross-examination.

3. Dempsey requested that the trial court conduct an in camera inspection of the personnel files of law enforcement officers involved in the case, for evidence of perjurious or other dishonest conduct which would reflect adversely on their credibility. The trial court received the documents under seal, found that they were not relevant to the issues in the case, and placed them back under seal. Dempsey enumerates as error the denial of access to the personnel files and requests this Court to review them, but concedes that he cannot specifically refer to any error since he did not have the opportunity to review the files.

" 'This Court will not review an in camera inspection conducted by the trial court based on speculation that there might be additional material which should have been found and produced for the defense. [Cit.]' " *Mika v. State*, 256 Ga. App. 546, 552 (7) (568 SE2d 818) (2002).

> "If the trial court performs an in camera inspection and denies the defendant access to certain information, on appeal the appellant has the burden of showing both the materiality and the favorable nature of the evidence sought. (Cit.) Mere speculation that the items the appellant wishes to review possibly contain exculpatory information does not satisfy this burden. (Cit.)"

*Head v. Stripling*, 277 Ga. 403, 407 (1) (590 SE2d 122) (2003). " 'The trial court's discretionary ruling after an in camera inspection that all exculpatory material, if any, has been produced establishes that as a fact absent a countershowing. [Cit.]' " *Mika v. State*, supra.

Dempsey did not show that any specific report contained in the personnel files casts doubt upon any officer's credibility. *McMichen v. State*, 265 Ga. 598, 611 (24) (458 SE2d 833) (1995); *Taylor v. State*, 182 Ga. App. 494, 496 (1) (356 SE2d 216) (1987). "His general assertion that something in the file[s] might be exculpatory is insufficient to show error. [Cit.]" *Pollard v. State*, 260 Ga. App. 540, 545 (4) (580 SE2d 337) (2003). Since Dempsey has not met his burden of showing that the personnel files were not the subject of a fishing expedition, but were relevant to his guilt, innocence or appropriate penalty, we

find no error in the trial court's denial of access to those files. *McMichen v. State*, supra; *Taylor v. State*, supra.

4. Dempsey further contends that both sentences were erroneous because the recidivist provision prohibiting parole, OCGA § 17-10-7 (c), specifically excludes capital felonies.

Although armed robbery is treated as a capital offense for certain purposes, a long and consistent line of authority holds that, for the purpose of recidivist sentencing, armed robbery is not considered a capital felony. *Dixon v. State*, 267 Ga. App. 479, 480 (1) (600 SE2d 415) (2004); *Cook v. State*, 255 Ga. App. 405, 406 (565 SE2d 487) (2002); *Getty v. State*, 207 Ga. App. 736 (429 SE2d 100) (1993); *Harper v. State*, 203 Ga. App. 775, 777 (417 SE2d 435) (1992); *Davis v. State*, 159 Ga. App. 356, 361 (4) (b) (283 SE2d 286) (1981). Therefore, Dempsey's sentence for armed robbery "was governed by OCGA § 17-10-7 (c) . . . . [Cit.]" *Dixon v. State*, supra at 481 (1). "[T]he trial court was authorized to sentence him [for that offense to] life imprisonment, with no eligibility for parole. [Cits.]" *Cook v. State*, supra.

However, the State correctly concedes that the sentence of life imprisonment without parole for murder is void, since none of the prior offenses on which the recidivist sentencing was based is a serious violent felony as defined in OCGA § 17-10-6.1. *Woodard v. State*, 278 Ga. 827, 828 (2) (607 SE2d 592) (2005). Because "murder is a capital felony and OCGA § 17-10-7 (c) expressly excepts from its purview capital felonies, it follows that a sentence under that Code section is a punishment which the law does not allow to be imposed for murder." *Funderburk v. State*, 276 Ga. 554, 555 (2) (580 SE2d 234) (2003). The trial court was not authorized to increase the statutorily established punishment for murder in this case, even though Dempsey will likely serve a longer sentence for the armed robbery than for the murder. See *Clark v. State*, 279 Ga. 243, 247 (8) (611 SE2d 38) (2005). " ' "In the absence of legislation, the judiciary cannot exercise discretion in fixing the quantum of punishment to be inflicted upon criminals. Such power is not one which inheres in the judicial department." (Cit.)' " *Getty v. State*, supra at 738. Accordingly, the sentence for murder " 'of life imprisonment without possibility of parole must be vacated and the case remanded to the trial court with direction to enter a legal sentence.' [Cit.]" *Woodard v. State*, supra.

*Judgments of conviction affirmed; sentences vacated in part and case remanded with direction. All the Justices concur.*

DECIDED JUNE 30, 2005.

*Mitchell D. Durham*, for appellant.

*Patrick H. Head, District Attorney, Amy H. McChesney, H. Maddox Kilgore, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Vonnetta L. Benjamin, Assistant Attorney General,* for appellee.