In the Supreme Court of Georgia

Decided:   May 23, 2016

S16A0698.  HYDE v. THE STATE.

THOMPSON, Chief Justice.

Appellant Hopton Hyde appeals from the trial court's denial of his motion to vacate an alleged void sentence of life without the possibility of parole.  As the State concedes, the trial court erred in denying the motion.  Accordingly, we reverse the trial court's judgment and remand the case with direction.

1.  On February 1, 2000, a jury found appellant guilty of malice murder, aggravated assault, felony murder in the commission of aggravated assault, and possession of a knife during the commission of a crime.  Under subsection (c) of Georgia's recidivist statute, OCGA § 17-10-7, the trial court sentenced appellant as a recidivist to life in prison without the possibility of parole for malice murder.[1]  We affirmed on direct appeal.  See Hyde v. State, 275 Ga. 693 (572 SE2d 562) (2002).  In May 2014, Hyde filed a pro se motion, contending

---

[1] The felony murder verdict was vacated by operation of law, and trial court merged the remaining counts for sentencing purposes.

that his sentence of life without the possibility of parole was void because the trial court, when it sentenced him, was not allowed by law to impose that sentence for murder. The trial court denied the motion, and appellant filed a timely appeal.

"[W]hen a court imposes a criminal punishment that the law does not allow, the sentence is not just an error, it is void." Humphrey v. State, 297 Ga. 349, 350 (773 SE2d 760) (2015). An attack on a sentence on the ground that it imposed a punishment that the law does not allow "may be made at any time by means of a motion to vacate a void sentence." Rooney v. State, 287 Ga. 1, 2 (690 SE2d 804) (2010). Here, in 2000, appellant was sentenced as a recidivist to life without the possibility of parole under subsection (c) of OCGA § 17-10-7 for a murder that he committed in 1999. At both of those times, however, OCGA § 17-10-7 (c) did not allow recidivist punishment for capital felonies, of which malice murder is one.[2] See Funderburk v. State, 276 Ga. 554, 555 (580 SE2d 234) (2003) (holding that the sentence of life without the possibility of parole that was imposed in 2000 on the defendant for malice murder was void

_____

[2] Since 2000, "the General Assembly has amended subsection (c) to remove the exception for capital felonies. See OCGA § 17-10-7 (c) (2013)." Grimes v. State, 293 Ga. 559, 563, n.4 (748 SE2d 441) (2013). See also Ga. L. 2010, p. 563, § 1.

because, at that time, OCGA § 17-10-7 (c) did not apply to capital felonies such as murder). Accordingly, appellant's sentence of life without the possibility of parole is void, see <u>Funderburk</u>, 276 Ga. at 555, and the trial court erred in denying appellant's motion to vacate. We thus reverse the denial of the motion, vacate the sentence of life without parole, and remand for the imposition of a legal sentence.

<u>Judgment reversed and case remanded with direction.</u> All the Justices concur.