# Court of Appeals
# of the State of Georgia

ATLANTA,  January 24, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0641.  DEANGELO COOK v. THE STATE.**

In 1994, Deangelo Cook was convicted of armed robbery, and the trial court sentenced him as a recidivist to life imprisonment without parole.  In November 2000, Cook filed a motion to set aside an illegal sentence, arguing that he could not be sentenced to life without parole.  The trial court denied the motion, and we affirmed the trial court's judgment on appeal.  See *Cook v. State*, 255 Ga. App. 405 (565 SE2d 487) (2002) ("*Cook I*").  In July 2017, Cook filed another motion to challenge his sentence on the ground that his sentence was void because life without parole could not be imposed where the State had not sought the death penalty.  The trial court denied Cook's motion, and this appeal ensued.  The State has filed a motion to dismiss the appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id.  As we held in Cook's previous appeal, his sentence was governed by OCGA § 17-10-7 (b), and his armed robbery conviction was his fifth felony conviction.  *Cook*, 255 Ga. App. at 406. "Thus, the trial court was authorized to sentence him to the maximum sentence of life imprisonment, with no eligibility for parole."  Id.  As such, Cook has failed to state

a valid void-sentence claim.

Moreover, "[i]t is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Our ruling in the prior case acts as res judicata. See *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Thus, Cook is estopped from seeking further judicial review on the validity of his sentence. See id.; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (holding that the law-of-the-case rule bars successive void sentence appeals).

Accordingly, the State's motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  01/24/2018*
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



      *, Clerk.*